DOCKETED

MAY 16 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JUDGE REBECCA R. PALLMEYER

MAGISTRATE JUDGE ROSEMOND

| | |
|---|---|
| ANGEL BELTRE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PREFERRED CAPITAL LENDING, INC. | ) |
| and BRIAN T. GARELLI, | ) |
| | ) |
| Defendants. | ) |

# 01C 3584

**JURY DEMANDED**

FILED-EDS
01 MAY 15 PH 4:19
CLERK
U.S. DISTRICT COURT

## COMPLAINT

## MATTERS COMMON TO MULTIPLE COUNTS

## INTRODUCTION

1.      This action seeks redress against Preferred Capital Lending, Inc. and Brian T. Garelli for violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (Count I) and state law (Counts II-III).

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331, 1337, and 1367.

3.      Venue in this District is proper under 28 U.S.C. §1391(b) and (c) because defendants reside or do business in this District.

## PARTIES

4.      Plaintiff Angel Beltre is an individual who resides in Chicago, Illinois.

5.      Defendant Preferred Capital Lending, Inc. is an Illinois corporation with its principal place of business at 11701 East Woodfield Road, Suite 640,

/-/

Schaumburg, IL 60173.

6.     Defendant Preferred Capital Lending, Inc. is engaged in the business of extending credit for personal, family or household purposes.

7.     Defendant Brian T. Garelli is the president of Preferred Capital Lending, Inc. Garelli was the representative of Preferred Capital Lending, Inc. who dealt with plaintiff in the transaction described below.

## FACTS

8.     In August 1999, plaintiff was seriously injured in an industrial accident. Shortly thereafter, he filed a workmen's compensation claim against his employer, SET Environmental Incorporated.   He initially retained attorney Steven Malman, Esq. to prosecute the workmen's compensation claim.

9.     Mr. Malman arranged for plaintiff to obtain a series of loans from Preferred Capital Lending, Inc. One such loan was made on May 18, 2000.

10.     The proceeds of the May 18, 2000 loan were used for personal, family or household purposes, namely living expenses, by plaintiff.

11.     In connection with the transaction, plaintiffs received or signed the documents attached as Exhibits A and B.

12.     The documents attached as Exhibits A and B violate the Truth in Lending Act, 15 U.S.C. §1638, and Federal Reserve Board Regulation Z, 12 C.F.R. § 226.18, in the following respects among others:

a.     The finance charge is understated by $25.

b.     The amount financed is overstated by $25.

c.     The documents purport to disclose that a security interest is

being taken in the borrower's workmen's compensation claim against SET Environmental Inc.

13.     In truth and in fact, no security can be taken in a claim under the Illinois Workmen's Compensation Act.  Section 21 of the Act, 820 ILCS 305/21, states:

> **No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages, except the beneficiary or beneficiaries of a deceased employee who was a member or annuitant under Article 14 of the "Illinois Pension Code" may assign any benefits payable under this Act to the State Employees' Retirement System. . . .**

14.     Defendants knew that workmen's compensation claims were not assignable, and intentionally misrepresented to plaintiff that it had a security interest in his claim.

15.     Plaintiff was unaware of the unlawful nature of the purported security interest in his workmen's compensation claim until shortly before he filed this action, when he discharged Mr. Malman and retained other counsel.

16.     Defendants included in Exhibits A and B other provisions which are contrary to public policy, including a provision authorizing Preferred Capital Lenders, Inc. to approve plaintiff's counsel and requiring counsel to executed an "Acknowledgment of Assignment of Claim form."

## COUNT I – TRUTH IN LENDING ACT

17.     Plaintiff incorporates ¶¶ 1-16.

18.     This claim is against Preferred Capital Lending, Inc.

19.     The documents attached as Exhibits A and B violate the Truth in Lending Act, 15 U.S.C. §1638, and Federal Reserve Board Regulation Z, 12 C.F.R. §

226.18, in the following respects among others:

    a.    The finance charge is understated by $25.

    b.    The amount financed is overstated by $25.

    c.    The documents purport to disclose that a security interest is being taken in the borrower's workmen's compensation claim against SET Environmental Inc.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant Preferred Capital Lending, Inc. as follows:

    (a)    For statutory damages;

    (b)    For attorneys fees, litigation expenses and costs.

    (c)    For such other or further relief as the Court deems appropriate.

## COUNT II – DECLARATORY RELIEF

20.    Plaintiff incorporates ¶¶ 1-16.

21.    This claim is against Preferred Capital Lending, Inc.

22.    The transaction created by <u>Exhibits A and B</u> is fundamentally illegal and contrary to public policy, in that:

    a.    It is based on the creation of a security interest in the borrower's workmen's compensation claim, when no security can be taken in a claim under the Illinois Workmen's Compensation Act.

    b.    It is based on the intentional creation of a false and misleading impression in the borrower that Preferred Capital Lending, Inc. has a valid security interest in his workmen's compensation claim.

c.      It interferes with and subverts the relationship between the claimant and his or her attorney, and requires the attorney to collude in the making of a fraudulent representation to the claimant, namely, that a valid security interest exists in a workmen's compensation claim.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant Preferred Capital Lending, Inc. as follows:

(a)      Declaring that the transaction reflected by <u>Exhibits A and B</u> is illegal, contrary to public policy, and void;

(b)      For costs.

(c)      For such other or further relief as the Court deems appropriate.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

23.     Plaintiff incorporates ¶¶ 1-22.

24.     This claim is against both defendants.

25.     The making of loans on the terms reflected in <u>Exhibits A and B</u> is an unfair or deceptive act or practice, in violation of § 2 of the Illinois Consumer Fraud Act, 815 ILCS 505/2, in that:

a.      The credit disclosures violate TILA:

b.      The transaction is based on the creation of a security interest in the borrower's workmen's compensation claim, when no security can be taken in a claim under the Illinois Workmen's Compensation Act.

c.      The transaction is based on the intentional creation of a false and misleading impression in the borrower that Preferred Capital Lending, Inc. has a valid security interest in his workmen's compensation claim.

d. The transaction interferes with and subverts the relationship between the claimant and his or her attorney, and requires the attorney to collude in the making of a fraudulent representation to the claimant, namely, that a valid security interest exists in a workmen's compensation claim.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants as follows:

(a) Declaring that the transaction reflected by Exhibits A and B is illegal, contrary to public policy, and void.

(b) For punitive damages.

(c) For attorneys fees, litigation expenses and costs.

(d) For such other or further relief as the Court deems appropriate.

_____
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Adela C. Lucchesi
EDELMAN, COMBS & LATTURNER, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **JURY DEMAND**

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

# EXHIBIT A

Loan No. 00-28

*2/14/00*
*$10,000*

*Evain*
*847. 413-1800*

Preferred Capital Lending, Inc.
1701 East Woodfield Road, Suite 640
Schaumburg, Illinois 60173

## PROMISSORY NOTE, SECURITY AGREEMENT AND ASSIGNMENT OF CLAIM

1.    <u>Initial Disclosures</u>.

| | |
|---|---|
| DATE OF LOAN: | May 18, 2000 |
| AMOUNT OF LOAN: | $5,000.00 |
| DEDUCTIONS FROM LOAN AMOUNT: | $25.00 document preparation fee |
| **FINANCE CHARGE:** | $2,450.00 |
| **ANNUAL PERCENTAGE RATE:** | 49% |
| NUMBER OF PAYMENTS: | One |
| AMOUNT OF PAYMENT: | $7,450.00 |
| PAYMENT DUE DATE: | May 18, 2001 |
| TOTAL OF PAYMENTS: | $7,450.00 |
| LATE PAYMENT FEE: | 5% of amount of payment more than 10 days late |
| COLLATERAL: | Borrower's worker's compensation claim against SET Environmental Incorporated, and the proceeds thereof |

2.    <u>Promise to Pay</u>. I, Angel Beltre (the "Borrower"), for value received, promise to pay to the order of Preferred Capital Lending, Inc., an Illinois corporation (the "Lender"), upon the earlier of:

    A.    one year from the date of this Promissory Note, Security Agreement and Assignment of Claim (the "Agreement"); and

    B.    my or my attorney's receipt of payment on account of my worker's compensation claim against SET Environmental Incorporated (the "Defendant");

which date is the maturity date of this Agreement (the "Payment Due Date"), the principal sum of Five Thousand and 00/100 Dollars ($5,000.00), plus interest on the principal sum at the annual rate of forty-nine percent (49%) (the "Loan").

The Borrower and the Lender agree that if the event described in this section 2.B has not occurred as of the Payment Due Date (or as of any subsequent one year anniversary of the Payment Due Date), and if no Event of Default (as that term is defined in section 6 of this Agreement) has occurred, they shall enter into a Promissory Note, Security Agreement and Assignment of Claim in form and substance substantially identical to this Agreement (except that the principal amount of the Loan shall be equal to the original principal amount of the Loan, plus all accrued and unpaid interest on the Loan) by which the Payment Due Date shall be extended by one year.

3.  Grant of Security Interest. To secure the payment of the Loan, and of any and all other debts, obligations or liabilities of the Borrower to the Lender, whether direct or indirect, now or hereafter existing, absolute or contingent, the Borrower pledges and grants to the Lender a security interest in the following property (which shall be referred to collectively as the "Collateral"):

   A.  The Borrower's worker's compensation claim against the Defendant (the "Claim") styled Angel Beltre v. SET Environmental Incorporated, 99 WC 43559, and the proceeds thereof.

4.  Assignment. As further security for the payment of the Loan, and of any and all other debts, obligations or liabilities of the Borrower to the Lender, whether direct or indirect, now or hereafter existing, absolute or contingent, the Borrower irrevocably assigns to the Lender all right, title and interest in the proceeds of the Claim, and agrees personally and directs and authorizes his or her attorney to pay to the order of the Lender immediately upon receipt by the Borrower or his or her attorney of the proceeds of the Claim all amounts due and owing under this Agreement (in each case limited to the total amount then due and owing under the Loan).

To evidence receipt of the direction and authorization described in this section 4, the Borrower shall cause his or her attorney to execute the Acknowledgment of Assignment of Claim form attached hereto as Exhibit A.

5.  Representations and Warranties. The Borrower represents and warrants that:

   A.  Ownership of Claim. The Borrower is the lawful owner of the Claim and the other Collateral.

   B.  No Other Liens; Amount of Liens.

      1. The Borrower has not pledged or granted a security interest in the Claim or the other Collateral to any other person, and shall keep the Claim and the other Collateral free of all liens, other than the liens created by this Agreement, any liens in favor of the Borrower's attorney, and any liens in favor of medical providers who treated the Borrower for the injury or condition which is the subject of the Claim.

      2. As of the date of this Agreement, the liens in favor of medical providers who treated the Borrower for the injury or condition which is the subject of the Claim do not exceed $__n/a___.

2

C.    No Sale, Transfer, Etc.. The Borrower shall not sell, transfer, lease or otherwise dispose of the Claim or the other Collateral, or any interest therein, except with the Lender's prior written consent.

D.    Reporting on Lawsuit. The Borrower shall report promptly to the Lender concerning events in the Lawsuit (as that term is defined in section 6.C below), and shall make all non-privileged portions of his or her case file available to the Lender promptly upon request.

E.    Other Documents. The Borrower shall promptly upon request by the Lender execute or direct his or her attorney to execute such other documents as may be necessary or advisable in the Lender's opinion to give effect to this Agreement, including without limitation any UCC financing statements.

6.    Events of Default. The occurrence or existence of any of the following shall be an event of default (an "Event of Default") under this Agreement:

A.    The Borrower shall fail to pay to the Lender as and when due all principal and interest due under the Loan, and any and all other debts, obligations or liabilities of the Borrower to the Lender, whether direct or indirect, now or hereafter existing, absolute or contingent.

B.    Any representation or warranty, or other statement contained in this Agreement shall be false or misleading in any respect.

C.    The Borrower shall voluntarily dismiss the lawsuit on the Claim, styled Angel Beltre v. SET Environmental Incorporated, 99 WC 43559 (the "Lawsuit"), or the Lawsuit shall be involuntarily dismissed and not reinstated within 45 days of the involuntary dismissal.

D.    The Borrower shall terminate his or her engagement of the Law Offices of Steven J. Malman & Associates to represent him or her in the Lawsuit, and shall fail within 30 days to retain new counsel reasonably acceptable to the Lender who shall have executed a copy of the Acknowledgment of Assignment of Claim form attached hereto as Exhibit A.

E.    The Borrower shall file a voluntary petition under the United States Bankruptcy Code, or shall enter into an assignment for the benefit of creditors or any other voluntary insolvency procedures, or an involuntary petition under the United States Bankruptcy Code shall be filed against the Borrower or a receiver shall be appointed for the Borrower or for any of his or her property.

F.    A judgment in excess of $5,000.00 shall be entered against the Borrower.

G.    The Lender shall determine, in the reasonable exercise of its discretion, that the value of the Claim or the other Collateral is insufficient or impaired in any material respect.

3

7.  Remedies Upon Default.

    A.    Immediately upon the occurrence of an Event of Default, the Lender may, without notice to the Borrower, declare all of the Borrower's obligations to the Lender under this Agreement to be immediately due and payable.

    B.    Lender shall have, in addition to all of its other rights and remedies under this Agreement, all the rights and remedies of a secured party under the Uniform Commercial Code (as enacted in the State of Illinois) including, without limitation, the right to sell, lease or otherwise dispose of any or all of the Collateral.

    C.    No act, delay in acting or omission to act by the Lender, or course of dealing between the Borrower and the Lender, shall constitute or be deemed to constitute a waiver of any of the Lender's rights and remedies under this Agreement.

8.  Payment of Costs and Disbursements After Event of Default.  The Borrower shall pay to the Lender, immediately upon demand, all costs and disbursements, including attorneys' fees, incurred in any legal proceedings to collect on the Loan, or to realize on any security given for the Loan, after the occurrence of an Event of Default.

9.  Document Preparation, Recording Fees.  The Borrower shall pay to the Lender on the date of the Loan the following amounts, which shall be deducted from the principal amount of the proceeds of the Loan disbursed to the Borrower on the date of the Loan:

    A.    A document preparation fee in the amount of $25.00.

10. Late Charge.  If the Borrower shall fail to make any payment on the Loan as and when due, and such failure shall continue for a period of not less than 10 days, the Borrower shall pay to the Lender, in addition to all other amounts due and owing under this Agreement, an amount equal to 5% of the amount of the delinquent payment on the Loan (or, if the amount of the delinquent payment does not exceed $200.00, $10.00).

11. NSF Check Charge.  The Borrower shall pay to the Lender, in addition to all other amounts due and owing under this Agreement, the amount of $25.00, plus any actual expenses incurred by the Lender in connection with any check or draft that is not honored because of insufficient or uncollected funds or because no such account exists.

12. Manner of Payment.  All payments of principal and interest due under the Loan shall be payable in lawful money of the United States of America at the offices of the Lender, at the address given in section 16 of this Agreement, or at such other place as the holder of this Agreement may designate in writing to the Borrower.  If any payment shall become due on a Saturday, Sunday or business holiday under the laws of the State of Illinois, such payment shall be made on the next succeeding business day and such extension shall be included in computing any interest in respect of such payment.

4

13.    Restrictions on Interest Rate.  If, at any time, the applicable interest rate is deemed by any competent court, agency, or board to exceed the maximum rate of interest permitted by any applicable law, then, for such time as the applicable interest rate would be deemed excessive, this Agreement shall bear interest at the maximum rate of interest permissible under such applicable law, but thereafter, the former applicable interest rate shall be reinstated.

14.    Rights of Assignee.  This Agreement may be assigned by Lender at any time without notice to the Borrower.  The holder of this Agreement is entitled to all of the benefits of and the Collateral pledged as security for payment of the Loan, and any and all other debts, obligations or liabilities of the Borrower to the Lender.

15.    Waiver of Notice.  The Borrower waives demand, presentment, protest, notice of dishonor or default, notice of acceleration or intent to accelerate, and any other notice or demand of whatsoever kind or nature in connection with this Agreement.

16.    Addresses for Payments, Notices.  All payments on the Loan, and all notices required or permitted to be given by the Borrower to the Lender shall be given to:

> Preferred Capital Lending, Inc.
> 1701 East Woodfield Road
> Suite 640
> Schaumburg, Illinois 60173

All notices required or permitted to be given by the Lender to the Borrower shall be given to:

> Angel Beltre
> 3235 West Fullerton Avenue
> Chicago, IL 60647

17.    Choice of Law.  This Agreement has been made in and shall be construed in accordance with and governed by the internal laws of the State of Illinois.

18.    Consent to Service of Process, Jurisdiction.  THE UNDERSIGNED HEREBY CONSENTS TO THE JURISDICTION OF ANY FEDERAL, STATE OR LOCAL COURT LOCATED WITHIN COOK COUNTY, ILLINOIS AND WAIVES PERSONAL SERVICE OF ANY AND ALL PROCESS HEREUNDER, AND AGREES AND CONSENTS THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED, ADDRESSED THERETO AT THE ADDRESS LISTED IN SECTION 16,

5

ABOVE, AND SUCH PROCESS SHALL BE DEEMED TO HAVE BEEN GIVEN FIVE (5) DAYS AFTER THE SAME SHALL HAVE BEEN SO MAILED.

This Promissory Note, Security Agreement and Assignment of Claim has been executed at Chicago, Illinois on May 18, 2000

BORROWER:

Angel Beltre

Address: 3235 West Fullerton Avenue
Chicago, IL 60647

Telephone: (773) 782-0317

6

**EXHIBIT A**

## ACKNOWLEDGMENT OF ASSIGNMENT OF CLAIM

      I, Steven J. Malman, counsel to Angel Beltre in the lawsuit on the Borrower's worker's compensation claim against SET Environmental Incorporated (the "Claim"), styled Angel Beltre v. SET Environmental Incorporated, 99 WC 43559 (the "Lawsuit"), hereby acknowledge the Borrower's direction and authorization to pay and hereby agree to pay to the order of Preferred Capital Lending, Inc., 1701 East Woodfield Road, Suite 640, Schaumburg, Illinois 60173, immediately upon receipt of the proceeds of the Claim, all amounts due and owing under the Promissory Note, Security Agreement and Assignment of Claim dated as of May 18, 2000

Dated: May 18, 2000

                                    STEVEN J. MALMAN & ASSOCIATES

                                    By: _____
                                        Steven J. Malman

7

# EXHIBIT B

CREDITOR'S TRUTH-IN-LENDING DISCLOSURES TO CONSUMERS (FEDERAL DISCLOSURE BOX)

| ANNUAL PERCENTAGE RATE*<br>The cost of my credit as a yearly rate.<br>49 % | FINANCE CHARGE<br>The dollar amount the credit will cost me.<br>E $ 2,450.00 | Amount Financed<br>The amount of credit provided to me or on my behalf.<br>$ 5,000.00 | Total Payments<br>The amount I will have paid after I have made all payments as scheduled.<br>E $ 7,450.00 |
|---|---|---|---|

*THE ANNUAL PERCENTAGE RATE disclosed above:

[X] is a fixed rate for the life of my loan.

[ ] may change. The interest rate in my variable interest rate demand loan will change (increase or decrease) if the Prime Rate of The Federal Reserv Bank posted by it from time to time ("Prime Rate") changes (either up or down) at any time during the term of my loan. This loan will be subject to an interest rate equal to _____ percentage points above this Prime Rate, which presently is _____ %. Any change in the Prime Rate will result in an increase or decrease in the total amount due at maturity. However, in spite of these provisions, I understand that the interest rate on my loan in any event will not fall below _____ % or exceed _____ % during the life of my loan.

My payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 1 | $7,450.00 | May 18, 2001 |

[ ] Monthly [ ] Quarterly [ ] Semi-Annually [X] Annually beginning May 18, 2001 (Date)

[X] If checked here, my loan is payable on demand and all disclosures are based upon an assumed maturity of one year.

Security: I am giving a security interest in:

[ ] The goods or property being purchased.

[ ] Type(s) of other property: [ ] Motor Vehicles [ ] Mobile [ ] Homes Recreational [ ] Vehicles Boats

[ ] Securities [ ] Deposit Accounts [ ] Certificates of Deposit [ ] Life Insurance Policies

[X] The _____ Borrower's _____ worker's compensation claim against SCT Environmental Incorporated , and proceeds (Other Type(s) - SPECIFY)

Collateral securing other loans with you may also secure this loan.

Filing Fees: $_____ Non-Filing Insurance: $_____

Late Charge: If a payment is more than 10 days late. I will be charged 5% of the late amount.

Prepayment: If I pay off early. I will not have to pay a penalty.

Assumption: [ ] If checked here, this loan finances the purchase of personal property such as a Mobile Home used as my principal dwelli and someone buying such principal dwelling cannot assume the remainder of my loan on the original terms.

I can see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

E means an estimate

### ACKNOWLEDGMENT OF RECEIPT OF DISCLOSURES

We affirm that the above Contract was complete, with all blanks filed-in, before we signed below and that one of us that was a primary Debtor received a copy of it. Witness our Hand(s) and Seal(s), this sealed instrument being signed and delivered on the date first above written. Each of us ad as his seal the word "(SEAL)" appearing beside or near his signature below.

Debtor _____ (S)
WITNESS:_____ Debtor _____ (S)
WITNESS:_____ Debtor _____ (S)
WITNESS:_____ Debtor _____ (S)
WITNESS:_____

SBL-218-B (10-87)

**ORIGINAL**

## I further agree (continued from face of Contract):

**Obligations of Secondary Parties.** I (whether I am the primary (main) Debtor (borrower), the Comaker, Surety, Indorser or Guarantor) individually and jointly waive presentment, demand, protest or notice of protest and any notice that you are demanding payment in full of the entire outstanding balance under the Contract because of default or for any other reason. You may accept late or partial payments, even though they are marked "payment in full," without losing any of your rights under the Contract and may delay enforcing any of your rights without losing them. You don't have to notify me that the debt under the Contract hasn't been paid, and you may change the terms of payment, extend or renew the Contract, and release any security or individual Debtor without notifying or releasing me from responsibility on the Contract. I don't require you to notify me that you have accepted my guarantee, and I agree to pay all amounts due under the Contract, on your demand, without requiring you to take any action against the primary (main) Debtor(s) or foreclosure on any Collateral.

**Estimated Credit Terms.** I have agreed to repay this loan according to the **Payment Schedule** stated in the **Federal Disclosure Box**. If I make payments prior to their due date, the **FINANCE CHARGE** will be less than you have estimated, since interest is being applied on a daily basis. If I should make any installment or payment after it is due, I understand that my delay in making the payments will necessarily increase the total amount of the **FINANCE CHARGE. I also understand that payment of any installment or payment after it is due will be a default on my part as stated below.** I also understand that the "Total of Payments" disclosed is estimated since the FINANCE CHARGE is applied on a daily basis which allows my payment habits to determine the total amount I actually pay.

**Variable Rates.** If my loan is a variable rate demand loan as shown on the face of this Note, my interest rate is tied to any movements (up or down) of you "Prime Rate," as defined below. Thus, the amounts of (1) my final payment due, (2) the total **FINANCE CHARGE**, and (3) the "Total of Payments" are subject to change if your Prime Rate changes and thus may be different from those you have disclosed.

**Right to Prepay.** I may prepay this obligation (unpaid principal balance) at any time, either in full or in part, provided I also pay the **FINANCE CHARGE** (interest) due through the date of my early payment.

**Payment Holidays.** At your option and on terms you state from time to time, you may allow me a "payment holiday," which means that I may skip individual installments. If I accept this "payment holiday," I understand that the **FINANCE CHARGE** (Daily Interest Charge) will continue to be applied. However, no **Late Charges** will apply where you have authorized the holiday. Further, no such "payment holiday" will extend the term of any Credit, Accidental Death and Dismemberment or Property Insurance I may have obtained from or through you and financed under the Contract.

**Prime Rate.** I understand that your "Prime Rate" is an interest index rate you announce and change at your discretion, from time to time and designate as your "Prime Rate" to which many of your loans are tied. I also acknowledge that this rate is not claimed by you or intended to be the lowest or most favorable rate of interest offered by you to any of your borrowers.

**Late Charges-Application of Payments.** Based upon my agreement to make my payments on time, you do not expect to receive any installment or payment later than the date indicated in the **Payment Schedule.** If I fall more than 10 days behind in paying an installment or payment, I agree to pay you, **on demand,** the **Late Charge** stated in the **Federal Disclosure Box,** which charge will be **in addition to** and **not in the place of** the interest due under the Contract. In applying installments or payments received from me under the Contract, I understand that you will apply all amounts received first to all **FINANCE CHARGE** (interest) that I owe on the date you credit the payment; next, to any **Late Charges** due and unpaid; and then finally to the unpaid principal balance.

**Entire Agreement-Law Applicable.** The Contract (including any separate security and/or assignment agreements signed in connection with it) is the entire agreement between you and me. It cannot be changed except by another written agreement signed by both you and me. All terms of the Contract which are defined under the Illinois Uniform Commercial Code will have the same meaning in the Contract as in the Code, and Illinois law will apply to the enforcement or interpretation of all provisions of the Contract. No waiver by you of any default by me will apply to any other default or to the same default in the future. All rights you have in the Contract will be given to any other firm or organization taking your place as the creditor or to whom you may assign the Contract. Further, all of my obligations in the Contract will bind my heirs, executors, administrators and/or persons to whom I may assign my rights. Each person signing the Contract is authorized to act on behalf of every other borrower or guarantor with regard to the Contract and all security and/or assignment agreements additionally signed in connection with it. If you transfer the Contract to any other person or organization, you may also transfer the Collateral. If you do, that other person or organization will have all of your rights in Collateral that was transferred, and you will no longer have any responsibility for it.

**Actions Taken on my Behalf.** If I fail to do anything I am required to do under the Contract or any separate security and/or assignment agreements, you may do it in my behalf **although you don't have to.** For example, if I fail to keep in effect any property insurance you may require me to carry on the Collateral, you may **(but are not obligated to)** purchase this insurance for me. I agree to reimburse you for any such amount you spend within 5 days after you ask me to. If I don't reimburse you within 5 days, these amounts may be added to the unpaid balance of what I owe you under the Contract, and the (Fixed or Variable) Contract Rate of interest shown on the other side will be applied until I fully repay you. You may, **but are not obligated to,** increase the amounts of my payments under the Contract to cover the resulting total unpaid balance. I agree to make those new payment amounts if you so notify me. You also will be protected by your security interest(s) as to these amounts. However, Credit Insurance will **not** cover these additional amounts or any resulting additional interest.

**Waiver of Security Interest in Principal Dwelling.** If I have given you a security

interest in any personal property (such as a mobile home, houseboat, yacht and the like) used or purchased with the loan proceeds under the Contract for use as my principal dwelling, the security interest will not apply to any existing debts previously entered into for personal, family or household purposes (as opposed to business, commercial or agricultural purposes), and (**unless I expressly otherwise agree**) to any future loans or credit I may receive from you to personal, family or household purposes.

## SBL-218-B (10-87)

**Entire Balance Due.**  If I do default in any of the above ways, all of my obligations to you under the Contract will immediately be due **without your giving me any advance notice.**  If you accept any payment of my debt under the Contract after you have demanded payment of the entire unpaid balance due or after you have sued me, this won't be considered a waiver or forgiveness of any default in payments or any other default on my part.  Instead, you will just apply any such payment to my unpaid balance.

**Remedies on Default-Sale of Collateral.**  If I do default on my obligations under the Contract, you will have all of the rights and remedies of a Secured Party under the Illinois Uniform Commercial Code and additionally the following specific rights:

(1) To foreclose on you security interests and/or enforce your rights concerning the collateral securing this loan as provided in the separate security and/or assignment agreement(s) we have signed.

(2) If you sell the Collateral, the sale proceeds will be applied in the following order: (a) To all of your expenses in connection with your taking possession, storing, preparing for sale and selling of the Collateral, including your reasonable attorneys' fees; (b) To the costs of terminating any claims against the Collateral that have priority over your security interests; and then (c) To the unpaid balance of what I owe.  Any money left over will be paid to me or to any other party you know of that has a security interest in the Collateral.  If the sale proceeds are less than the total I owe you, I agree to pay the difference, including interest on the principal amount at the (Fixed or Variable) Contract Rate stated on the face of the Contract until paid in full.

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

JUDGE REBECCA R. PALLMEYER

Angel Beltre

MAGISTRATE JUDGE ROSEMOND

**DEFENDANTS**

Preferred Capital Lending, Inc.
and Brian T. Garelli

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Daniel A. Edelman
Edelman Combs & Latturner, LLC
120 S. LaSalle, 18th Floor
Chicago, IL 60603

ATTORNEYS (IF KNOWN)

01C 3584

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Truth in Lending Act, 15 U.S.C. § 1601 et seq.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

Transferred from
☐ 5 another district (specify)

☐ 6 Multidistrict Litigation

Appeal to District
☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. REMARKS    In response to ☒    is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐    is a refiling of case number _____ of Judge _____

DATE 5/15/01    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS

In the Matter of: Angel Beltre v. Preferred Capital Lending, Inc.; and Brian T. Garelli

JUDGE REBECCA R. PALLMEYER
MAGISTRATE JUDGE ROSEMOND Case Number:

DOCKETED

MAY 16 2001

01C 3584

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

**Plaintiff**

FILED-EDS
01 MAY 15 PM 4:19
CLERK
U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Daniel A. Edelman | NAME Cathleen M. Combs |
| FIRM Edelman, Combs & Latturner, LLC | FIRM Edelman, Combs & Latturner, LLC |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER (312) 793-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00472840 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES X NO ☐ |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES X NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |
| (C) | (D) |
| SIGNATURE | SIGNATURE Adela C. Lucchesi |
| NAME James O. Latturner | NAME Adela C. Lucchesi |
| FIRM Edelman, Combs & Latturner, LLC | FIRM Edelman, Combs & Latturner, LLC |
| STREET ADDRESS 120 S. LaSalle Street, 18th Floor | STREET ADDRESS 120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP Chicago, Illinois 60603 | CITY/STATE/ZIP Chicago, Illinois 60603 |
| TELEPHONE NUMBER (312) 739-4200 | TELEPHONE NUMBER 312-739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01588095 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 06271305 |
| MEMBER OF TRIAL BAR? YES X NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO X |
| TRIAL ATTORNEY? YES X NO ☐ | TRIAL ATTORNEY? YES ☐ NO X |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO X |

13