Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3584 | **DATE** | 4/22/2002 |
| **CASE TITLE** | Angel Beltre vs. Preferred Capital Lending, Inc., et | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Court finds that the settlement is fair and reasonable, and hereby approves the Class Action Settlement Agreement submitted by the parties. The Court dismisses the claims of Plaintiff and the Class against the Lender Defendants with prejudice and without costs. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order. Enter Final Approval Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | Document Number |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | APR 2 4 2002 date docketed | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | 40 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 4/22/2002 date mailed notice | |
| ETV | courtroom deputy's initials | ETV | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANGEL BELTRE, )
 )
    Plaintiff, )
 )
v. ) Case Number: 01C3584
 )
 ) Judge Rebecca R. Pallmeyer
PREFERRED CAPITAL LENDING, INC.; )
BRIAN T. GARELLI, TIMOTHY W. )
BRINK; LORD BISSELL & BROOK, )
and HARRIS LOAN & MORTGAGE CORP., )
 )
    Defendants. ) JURY DEMANDED

## FINAL APPROVAL ORDER

On January 17, 2002, this Court preliminarily approved the settlement reached between plaintiff, Angel Beltre ("plaintiff"), and defendants, Preferred Capital Lending, Inc., ("Preferred") and Harris Loan & Mortgage Corp. ("Harris"; Preferred and Harris are also jointly referred to as the "Lender Defendants"), Brian T. Garelli ("Garelli"), Timothy W. Brink ("Brink") and Lord, Bissell & Brook ("LBB"). The Court approved a form of notice for mailing to the class. The Court is informed that actual notice was sent by first class mail to 28 class members by Preferred Capital. A total of 4 envelopes were returned by the United States Postal Service marked not deliverable and with no forwarding addresses available, which included plaintiff. However, plaintiff was included in the class and defendants were provided with plaintiff's new address. Notice was mailed to 18 class members by Harris Loan & Mortgage Corp. Of the 18 notices mailed, 3 were returned as undeliverable by the Postal Service without forwarding addresses. No class members opted out or objections were filed.

On April 22, 2002, the Court held a fairness hearing to which members of the class, including any with objections, were invited. The Court being duly advised in the premises, IT IS HEREBY ORDERED:

1. The Court finds that the provisions for notice to the Class satisfy the requirements of Fed. R. Civ. P. 23 and due process.

2. The Court finds that the settlement is fair and reasonable, and hereby approves the Class Action Settlement Agreement ("Agreement") submitted by the parties, including the payments to be made by Lender defendants, the releases contained in paragraph 13 of the Agreement and further described below and the payment of $11,000.00 in fees and expenses to Edelman, Combs &Latturner, LLC by Lender Defendants for representation of the plaintiff and the class. The parties are directed to implement the settlement in accordance with its terms.

The Plaintiff releases and forever discharges Defendants and each of their past and present parent companies, affiliates, subsidiaries, successors, predecessors, agents and assigns, as well as each of their past and present directors, officers, partners, attorneys, insurers, accountants, employees and agents (each a "Released Party" and, collectively, the "Released Parties") from, and shall be enjoined from proceeding against the Released Parties, or any of them, with respect to all claims, controversies, causes of action, demands, torts, damages, costs, attorneys' fees and liabilities of any kind whatsoever, in law or equity, known or unknown, related to or arising directly or indirectly out of any matter or thing, occurring, in whole or in part, from the beginning of the world through the date hereof, including, without limitation, all rights, claims, or causes of action relating to the allegations in the Complaint filed in this action.

Each Class member who has not timely and properly excluded himself or herself from the Class pursuant to Fed. R. Civ. P. 23(c)(2) releases and forever discharges Defendants and each of their past and present parent companies, affiliates, subsidiaries, successors, predecessors, agents and assigns, as well as each of their past and present directors, officers, partners, attorneys, insurers, accountants, employees and agents (each a "Released Party" and, collectively, the "Released Parties") from, and shall be enjoined from proceeding against the Released Parties, or any of them, with respect to all claims, controversies, causes of action, demands, torts, damages, costs, attorneys' fees and liabilities of any kind whatsoever, in law or equity, known or unknown, related to or arising directly or indirectly out of any matter or thing, occurring, in whole or in part, from the beginning of the world through the date hereof, including, without limitation, all rights, claims, or causes of action relating to the allegations in the Complaint filed in this action.

1. This action may be maintained as a class action for settlement purposes only with the settlement class as defined in this Agreement.

2. The Plaintiff, as the class representative, fairly and adequately represented the interests of the settlement class.

3. The class counsel fairly and adequately represented the interests of the Plaintiff and the settlement class.

4. The notice mailed to Class Members satisfies the requirements of due process and requirements of the Federal Rules of Civil Procedure.

5. The Agreement is fair, reasonable and adequate to the settlement class, and that this settlement was entered into in good faith.

6. The Court dismisses the claims of Plaintiff and the Class against the Lender Defendants with prejudice and without costs (other than as provided for in the Agreement). Pursuant to prior order of Court the Non-Lender Defendants (Garelli, Brink and LBB) were dismissed with prejudice and without costs.

7. The Court retains jurisdiction over the interpretation, enforcement and implementation of the Agreement and of this Order.

8. The court hereby provides for the assessment of attorney's fees against any class member who brings suit against Defendant in violation of the releases contained in the Agreement.

9. The court approves the payments to class counsel for fees and costs as provided in the Agreement as fair and reasonable.

10. The court approves as fair and reasonable the payment as provided in the Agreement to the Plaintiff as class representative.

DATE: *April 22, 2012* ENTER: *Rebecca R. Pallmeyer*
Judge Rebecca R. Pallmeyer